Let an order enter accordingly on notice, without costs.

Jerry Di Gioia, Plaintiff, v. Kathleen Di Gioia, Defendant.

Supreme Court, Special Term, New York County, April 12, 1945.

L. M. Weber, special guardian, for defendant.

J. Jacobs for plaintiff.

Hammer, J. Motion by defendant, by her special guardian, to dismiss the complaint herein for insufficiency appearing on the face thereof is denied. The action is for annulment of marriage on the ground of the permanent insanity of the defendant, which commenced five years prior to the date of the service of the summons herein. The parties were married February 12, 1928. The right to sue on the grounds stated was granted by statute, effective July 1, 1928 (L. 1928, ch. 589). The claim is made that the statute had no retroactive effect and could not affect the rights of the wife, which rights were vested as of the date of the marriage prior to the enactment of the statute. We think this claim is without merit. The statute enacted by

the Legislature created the remedy by which any marriage then existing could be annulled on the grounds set forth in the statute, and provided protection for the person against whom the annulment was sought and for any children of the marriage. If the Legislature had intended that the statute would not apply to marriages previously contracted, it would have so provided. The distinction between this matter and those in the cases relied upon by the defendant is that there the marriage would have been void *ab initio,* not voidable, as here under subdivision 5 of section 7 of the Domestic Relations Law. Order signed.